IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARSENIO ANAYA,

    Petitioner,

v.   No. 1:22-cv-00231-KWR-KK

FNU HATCH,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Arsenio Anaya's Petition for Writ of Habeas Corpus filed March 28, 2022 (Doc. 1) (Petition). Anaya challenges his state convictions stemming from intoxicated driving. *See* Doc. 1 at 4; *State v. Anaya*, New Mexico's Fourth Judicial District Court, Case No. D-412-cr-2017-251. He argues that conducting a blood test constitutes an unreasonable search and seizure. Anaya filed a federal § 2254 petition challenging the same state conviction on August 26, 2021. *See Anaya v. Hatch,* 21-cv-0834 KG-CG. The case survived screening and was referred to the Honorable Carmen Garza, who issued proposed findings and a recommended disposition on April 13, 2022. The objection deadline has not yet run, when accounting for service by mail, and the matter is still pending.

Ordinarily, a second habeas petition challenging the same conviction as an earlier habeas proceeding is subject to the restrictions in 28 U.S.C. § 2244(b). Under that section, District Courts cannot entertain second or successive habeas claims absent authorization from the Circuit. *See* 28 U.S.C. § 2244(a)-(b). Such claims are generally dismissed for lack of jurisdiction, but they may be transferred to the Circuit under certain circumstances. *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) (citing 28 U.S.C. § 2244(b) and setting forth factors governing dismissal versus transfer).

Section 2244 does not address whether a second *pro se* habeas petition, filed before a final ruling on the first habeas petition, is subject to the limitations on second or successive claims. Most courts hold § 2244 does not apply, and "when a [second habeas] motion is filed before adjudication of an initial [habeas] motion is complete, the district court should construe the second [filing] … as a motion to amend the pending" habeas pleading. *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002). *See also Woods v. Carey,* 525 F.3d 886, 889–90 (9th Cir. 2008) (applying the rule to § 2254 petitions); *United States v. Williams*, 185 Fed. App'x. 917, 919 (11th Cir. 2006) (applying the rule to § 2255 motions); *United States v. Sellner*, 773 F.3d 927, 931 (8th Cir. 2014) ("we now join our sister circuits and hold that when a pro se petitioner files a second [habeas filing] … while her first … is still pending before the district court, the second motion is not barred by [§ 2244] … and should be construed as a motion to amend"); *Neihart v. United States*, 2017 WL 3726765, at *3 (D.N.M. Aug. 28, 2017) (acknowledging the majority view). Such construction is consistent with Supreme Court precedent, which suggests that § 2244 only applies to adjudicated claims. *See Gonzalez v. Crosby,* 545 U.S. 524, 529-30 (2005) (citing § 2244(b)(1) and noting "any claim that has *already been adjudicated* in a previous petition must be dismissed" as second or successive) (emphasis added).

    The Clerk's Office used the Petition filed March 28, 2022 to open a new § 2254 case, as it is not labelled as an amendment and does not contain any citation to Anaya's pending case, 21-cv-0834 KG-CG. In light of the liberal construction accorded to *pro se* filings, and consistent with the above precedent, the Court declines to construe the instant Petition as an unauthorized successive habeas claim. The Court will direct the Clerk's Office to re-file the Petition in Anaya's pending habeas case, 21-cv-0834 KG-CG, and administratively close this case.

**IT IS ORDERED** that the Clerk's Office **SHALL FILE** Arsenio Anaya's Petition for Writ of Habeas Corpus (**Doc. 1**) in Case No. 1:21-cv-00834-KG-CG (*Anaya v. Hatch et al*); and this case is **ADMINISTRATIVELY CLOSED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**